[Cite as *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104617**

# VIDAH A. SAEED

PLAINTIFF-APPELLANT

vs.

# GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-14-837075 and CV-16-860988

**BEFORE:** S. Gallagher, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**FOR APPELLANT**

Vidah A. Saeed, pro se
1617 Allegheny Circle
East Cleveland, Ohio   44112


**ATTORNEYS FOR APPELLEES**

**For Greater Cleveland Regional Transit Authority**

Kathleen M. Minahan
Sheryl Y. King-Benford
Greater Cleveland Regional Transit Authority
1240 West 6th Street
Cleveland, Ohio   44113

**For CareSource**

Mark R. Chilson
Elizabeth Carmona Stock
CareSource Management Group Co.
230 N. Main Street
Dayton, Ohio   45402

Ryan Winkler
Tucker Ellis L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio   44113-7213

SEAN C. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant Vidah A. Saeed appeals the trial court's decision that granted the motion for summary judgment of defendant-appellee Greater Cleveland Regional Transit Authority ("GCRTA") and that granted the motion to dismiss of defendant-appellee CareSource. Upon review, we affirm the judgment of the trial court.

**{¶2}** On December 9, 2014, appellant filed a complaint "of miscellaneous tort" against GCRTA and CareSource. She alleged that she suffered injuries from six accidents while a passenger of GCRTA and that the accidents were the result of the alleged negligence of the bus drivers. The dates of the alleged accidents were April 8 and December 6, 2012; and June 12, June 17, June 27, and October 4, 2013. The complaint also made brief references to CareSource, without asserting allegations of wrongdoing or particular facts to support a viable claim for fraud. The complaint listed a number of miscellaneous torts to be considered in the action. On March 24, 2015, the trial court dismissed the first action "without prejudice for want of prosecution."

**{¶3}** On March 25, 2016, appellant refiled a complaint against GCRTA and CareSource. CareSource filed a motion to dismiss the complaint. CareSource asserted that the complaint failed to state a claim against CareSource upon which relief could be granted, that the complaint was not supported by any factual allegations against CareSource, and that the complaint failed to plead any elements of fraud or to plead a fraud claim with particularity. GCRTA filed a motion for summary judgment. GCRTA argued that the personal injury claims were time-barred because the two-year statute of

limitations under R.C. 2744.04(A) had expired and the refiled action was filed one day after the savings statute had expired.

{¶4} In opposing GCRTA's motion, appellant included a motion to accept the refiled complaint as filed on March 24, 2016. She claimed that she attempted to electronically file the complaint on March 24, 2016, but a server error appeared. However, there is no evidence in the record from the clerk's office to suggest any incomplete filing occurred. Further, this was not the first time appellant asserted computer troubles, technical difficulties, or being "hacked" with regard to her filings in the matter.

{¶5} On May 16, 2016, the trial court held a hearing on the motions. The trial court heard arguments from appellant and counsel for the defendants. Thereafter, the court granted the motions of CareSource and GCRTA.

{¶6} Appellant timely filed this appeal. Appellant's brief is difficult to comprehend, and it is largely unclear what arguments she is advancing on appeal. CareSource and GCRTA have each filed a brief in support of the trial court's decision.

{¶7} We recognize that a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants

who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

**{¶8}** Upon our review, we find that CareSource was entitled to a dismissal resulting from the complaint's failure to state a claim upon which relief can be granted. In order for a trial court to grant a motion to dismiss for failure to state a claim, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. The complaint did not set forth any basis or factual allegations to support a claim against CareSource, and merely listing certain miscellaneous torts in a conclusory fashion is not sufficient to withstand a motion to dismiss. *See Accelerated Sys. Integration, Inc. v. Hausser & Taylor, L.L.P.*, 8th Dist. Cuyahoga No. 88207, 2007-Ohio-2113, ¶ 12. To the extent any fraud was alleged, pursuant to Civ.R. 9(B), such a claim must be pled with particularity.

**{¶9}** We also find that GCRTA was entitled to summary judgment because the action was time barred. Ohio's savings statute, R.C. 2305.19, provides in relevant part:

> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

**{¶10}** The personal injury claims were barred by the applicable two-year statute of limitations, and to the extent the savings statute, R.C. 2305.19(A), could be applied,

appellant failed to refile her complaint within the required one-year time period. Although appellant may well have encountered computer difficulties and had trouble with the court's electronic filing system, she was required to adhere to the statutory time requirements the same as any other litigant.

{¶11} Accordingly, we find the trial court properly granted the defendants' motions.

{¶12} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR