[Cite as *Rigo v. Liberty Mut. Group, Inc.*, 2023-Ohio-1033.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSEPH RIGO, ET AL.,  :

    Plaintiffs-Appellants,  :

            No. 111550

    v.  :

LIBERTY MUTUAL GROUP, INC.,  :
ET AL.,

                    :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 30, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-909749

---

### *Appearances:*

Paulozzi Co. LPA, Todd O. Rosenberg, John Burnett, and
Joseph G. Paulozzi, *for appellant* Joseph Rigo.

Curtin Law, LLC and Cynthia K. Curtin, *for appellee*
Home Depot U.S.A., Inc.

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Joseph Rigo ("Rigo") appeals from the jury verdict in his case against defendant-appellee Home Depot U.S.A., Inc. ("Home Depot"). For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} The underlying proceedings in this case came about following three separate motor vehicle incidents that took place in 2015, 2017, and 2018, respectively. The 2015 accident occurred when Jack Kowalewski ("Kowalewski") rear-ended Rigo; the 2017 accident occurred when Damian O'Malley ("O'Malley") rear-ended Rigo; and the 2018 accident involved a trailer in the parking lot of a Home Depot store on Brookpark Road in Cleveland, Ohio that Rigo alleges was improperly attached to his vehicle, resulting in the trailer detaching from his vehicle and slamming into the back of his vehicle before he left the Home Depot parking lot. On January 17, 2019, as a result of alleged injuries sustained from these incidents, Rigo and his wife, Lindsay Robertson ("Robertson") filed a complaint against Liberty Mutual Group, Inc., Geico Insurance Co., The Home Depot, The Home Depot, Inc., two unknown Home Depot employees, Brian O'Malley, and Kowalewski. The complaint erroneously named Brian O'Malley rather than Damian O'Malley as a defendant. Rigo and Robertson raised claims of negligence and loss of consortium.[1]

{¶ 3} On September 11, 2020, Rigo filed a motion for leave to file his first amended complaint. The trial court granted this motion, and Rigo filed his

---

[1] The only defendant relevant to this appeal is Home Depot. On April 30, 2019, the claims against Liberty Mutual Group, Inc. were dismissed with prejudice. On June 28, 2019, the claims against Geico Insurance Co. were dismissed without prejudice. On April 2, 2021, the claims against Damian O'Malley were dismissed with prejudice. While the claims against Kowalewski were contested at trial, Rigo does not appear to challenge the jury verdict or trial court's denial of his motion with respect to these claims.

amended complaint on September 21, 2020. This complaint named Damian O'Malley as a defendant instead of Brian O'Malley. On October 5, 2020, Home Depot filed an answer to Rigo's amended complaint.

{¶ 4} On April 12, 2022, the case proceeded to a jury trial related to the first and third accidents. Rigo called numerous witnesses: Dr. Richard Boehme ("Boehme"), a neurologist; Amy Kutschbach, a vocational rehabilitation counselor; Dr. Ammar Chaudhry, a neuroradiologist; Leceeon Custard, the operations assistant store manager at the Home Depot store where the third accident occurred; Thomas Morris, head of the tool rental department at the Home Depot store; Henry Lipian, a forensic crash reconstructionist; Maryanne Cline, a life care planner; and Dr. John Burke, an economist. Rigo, Robertson, and Rigo's 13-year-old son also testified on behalf of Rigo. Rigo also introduced numerous exhibits, primarily consisting of medical records. Rigo's theory of the case was that he sustained a concussion, or a mild traumatic brain injury, in the first accident with Kowalewski, that this concussion resulted in post-concussion syndrome, and that this was aggravated or exacerbated by the subsequent accidents. Following testimony from these 11 individuals, Rigo rested his case in chief.

{¶ 5} Kowalewski testified in his defense. Finally, Home Depot called two witnesses: Dr. Gaurang Shah ("Shah"), a neuroradiologist; and Dr. Thomas Swales, a psychologist. Home Depot also introduced the videotaped deposition of Dr. Timothy Herron ("Herron"), a neurologist. Home Depot's theory of the case was that Rigo was malingering or exaggerating his symptoms.

**{¶ 6}** On April 25, 2022, the trial concluded and the jury deliberations began. On April 26, 2022, the jury returned a verdict in favor of Kowalewski and Home Depot and against Rigo, and likewise awarded no damages.

**{¶ 7}** On May 24, 2022, Rigo filed a motion for a new trial. On May 25, 2022, before the trial court ruled on Rigo's motion, Rigo filed a notice of appeal.

**{¶ 8}** On June 8, 2022, Home Depot filed a motion to stay the appeal. On June 9, 2022, this court granted Home Depot's motion to stay the appeal and remanded the case to the trial court to rule on Rigo's motion for a new trial. On June 27, 2022, Home Depot filed a brief in opposition to Rigo's motion for a new trial. On July 12, 2022, the trial court denied Rigo's motion for a new trial.

**{¶ 9}** In a corresponding opinion, the trial court found:

All of [Rigo's] claims rested heavily, if not entirely, upon his credibility. Dr. Boehme, for example, repeatedly stressed that [Rigo] was the source of all information he relied upon. Whether it was by direct interview or by review of the medical records, [Rigo] was the source of all information.

[Rigo] claimed a concussion during the first accident. He claimed that he was unconscious from the accident. Kowalewski testified that [Rigo] got out of his car immediately after the accident and was never unconscious. The medical records revealed that Plaintiff did not initially claim he suffered a loss of consciousness. Instead, the claim began as some unknown person told him he had been unconscious. He told Dr. Boehme, [Rigo's] expert witness, that he did suffer a loss of consciousness. Dr. Boehme relied upon this statement. No one other than [Rigo] testified that they witnessed [Rigo] suffer a loss of consciousness.

[Rigo] claimed to have hit his head on the rearview mirror in the first accident. Photographic evidence showed that the mirror was facing the rear of the vehicle and in a horizontal position.

[Rigo] claimed to suffer from light sensitivity but never wore dark glasses during trial. [Rigo] claimed to suffer from debilitating headaches and had to sit for hours just holding his head in his hands, yet sat for two weeks at trial never showing any sign of a headache. [Rigo] claimed to be afraid of needles, but it was revealed he previously had numerous facial piercings. [Rigo] claimed a selective memory loss that allowed him to remember pertinent details of Accident No. 3, such as who attached the trailer, but could not remember other details.

This is not an exhaustive list of the credibility issues highlighted by Defendants in their case.

The trial court went on to discuss Dr. Boehme's credibility, the objective test results introduced as evidence, and both the accident with Kowalewski and the Home Depot accident in detail.

{¶ 10} The case was returned to this court, and both parties submitted appellate briefs. On November 1, 2022, Rigo filed a motion to supplement the record to include the trial court's July 12, 2022 journal entry and opinion denying his motion for a new trial. On November 9, 2022, this court granted that motion. On November 21, 2022, the record was supplemented. At no point did Rigo file an amended notice of appeal from the trial court's July 12, 2022 journal entry denying his motion for a new trial.

{¶ 11} This appeal follows.

**Legal Analysis**

{¶ 12} As an initial matter, we note that Rigo's opening brief in this appeal failed to comply with App.R. 16, which requires that an appellant's brief shall include, among other things, a statement of the assignments of error presented for review. "Assignments of error are particularly important because appellate courts

determine each appeal 'on its merits on the assignments of error set forth in the briefs under App.R. 16.'" *Ching Chang v. Time Warner Cable*, 10th Dist. Franklin No. 19AP-101, 2019-Ohio-3465, ¶ 11, quoting App.R. 12(A). While neither Rigo's opening brief nor his reply brief contains a statement of his assignments of error as required by App.R. 16, we note that his reply brief addresses this inadvertent omission and states that his assignments of error "would have paralleled" the issues presented in his opening brief as follows:

> I. Was the jury verdict in the third accident (Home Depot) on May 21, 2018 of no negligence and no damages against the manifest weight of the evidence?

> II. Did the trial court err in denying Plaintiff's Motion for New Trial?

Under the appellant rules, appellate courts have the discretion to disregard arguments where an appellant has failed to comply with App.R. 16. *Glendell-Grant v. Grant*, 8th Dist. Cuyahoga No. 105895, 2018-Ohio-1094, ¶ 16. Thus, it would be within our discretion to summarily affirm the trial court. *Id.* While appellate courts have discretion to dismiss appeals that fail to set forth assignments of error, we will address Rigo's arguments in the interest of justice.

## I. Jury Verdict

{¶ 13} Rigo's first argument is that the jury verdict finding no negligence on the part of Home Depot and, thus, awarding no damages, was against the manifest weight of the evidence. Specifically, Rigo argues that the jury lost its way in rendering a verdict in favor of Home Depot when "judicial admissions" by Home

Depot's counsel show that Rigo suffered uncontested injuries during the third accident. We disagree.

{¶ 14} The Ohio Constitution provides that "[n]o judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause." Ohio Constitution, Article IV, Section 3(B)(3). When conducting a manifest weight review, this court weighs the evidence, including all reasonable inferences drawn therefrom, considers the credibility of witnesses, and determines whether the finder of fact clearly lost its way and created such a manifest miscarriage of justice that reversal of that determination is required. *Rees v. Univ. Hosps.*, 8th Dist. Cuyahoga No. 104848, 2017-Ohio-1372, ¶ 6, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997) and *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. Further, in weighing the evidence, reviewing courts must "'always be mindful of the presumption in favor of the finder of fact.'" *Eastley* at 334, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3. "'If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.'" *Id.*

{¶ 15} Rigo's primary argument that the jury lost its way is that Home Depot, through its counsel, made judicial admissions that Home Depot caused Rigo injury. In support of this argument, Rigo refers to testimony from Herron, the defense neurologist, that it was his opinion that Rigo sustained several injuries as a result of

the Home Depot accident: cervical strain, tension headaches, and left shoulder pain.

Rigo also refers to the following statement made by Home Depot's counsel during closing arguments:

> And then the next one would be — if you find against Home Depot, or any of the defendants, a total award for the damages for the plaintiff, I had suggested $50,000, I know it's a different number than [Kowalewski's counsel] suggested, that encompasses all three accidents. It's just a recommendation.
>
> And then certainly if you have to go on the next one, where you have to apportion, I would suggest zero to 10 percent as my portion of damages.

Rigo asserts that these "judicial admissions" support his argument that the jury lost its way.

{¶ 16} Our review of the record reveals that Rigo mischaracterizes these claimed "judicial admissions." "A judicial admission is a 'formal statement, made by a party or a party's counsel in a judicial proceeding, that act[s] as a substitute for legal evidence at trial.'" *Berger v. Berger*, 11th Dist. Geauga No. 2017-G-0108, 2017-Ohio-9329, ¶ 67, quoting *Haney v. Law*, 1st Dist. Hamilton No. C070313, 2008-Ohio-1843, ¶ 7. Neither of the examples cited by Rigo constitute judicial admissions.

{¶ 17} With respect to Herron's testimony, Herron went on to testify that Rigo had each of the three injuries Herron mentioned *prior to* the Home Depot accident. Even ignoring all of the other evidence presented at trial and the credibility issues inherent in much of that evidence, this statement alone does not amount to an admission of causation as Rigo claims. An opinion that Rigo had injuries after the Home Depot incident, together with an opinion that Rigo had those injuries

before that incident, does not amount to an admission that the Home Depot incident caused those injuries, let alone a judicial admission to that effect.

{¶ 18} With respect to counsel's statements, the excerpt Rigo points to was made specifically in the context of advising the jury on the jury interrogatories. In the broader context of Home Depot's closing statement, it is clear that those statements do not constitute a judicial admission. Counsel for Home Depot explicitly stated that the evidence presented did not show any negligence on the part of Home Depot. Further, the statements referring to damages and apportionment were very clearly conditional and related to issues the jury would determine only if it first found that Home Depot was negligent and that this negligence proximately caused Rigo injury.

{¶ 19} Because neither of these statements constitute judicial admissions related to causation — or any other aspect of Rigo's case against Home Depot — we cannot conclude that the jury somehow lost its way in relation to these statements.

{¶ 20} Further, nothing else in the record indicates that the jury somehow lost its way in rendering a verdict in favor of Home Depot and awarding no damages. While Rigo called numerous expert witnesses and introduced extensive evidence in the form of medical records, the record is clear that Rigo's case was based primarily on his own statements. While there was some independent documentation of Rigo's injuries, the large majority of the evidence — including statements from Rigo's experts and Rigo's medical records — was based on Rigo's own statements to his medical providers and other expert witnesses. The record reveals repeated

inconsistencies in Rigo's explanation of not only his physical symptoms but also his version of the accidents themselves. The record also reveals that Rigo sought treatment from numerous medical professionals and regularly presented with different and inconsistent symptoms for which there were no obvious or clear explanations. Considering these inconsistencies, which will be discussed more fully below, together with the totality of the evidence in this case, we cannot conclude that the jury somehow lost its way. Therefore, we find that the jury verdict was not against the manifest weight of the evidence.

## II. Motion for a New Trial

{¶ 21} Rigo also argues that the trial court erred and abused its discretion when it denied Rigo's motion for a new trial. We disagree.

{¶ 22} As an initial matter, we note that App.R. 3(D) requires that a notice of appeal "shall designate the judgment, order or part thereof appealed from." Here, Rigo's notice of appeal specified that he was appealing from the court's April 27, 2022 journal entry journalizing the jury's verdict against Rigo. Rigo attached this journal entry to the notice of appeal.[2] Because Rigo's notice of appeal was filed the same day as his motion for a new trial, the trial court had not yet ruled on the motion for a new trial and Rigo could not have properly appealed from that decision when he filed his notice of appeal. At no point following the trial court's July 12, 2022

---

[2] Rigo also attached to the notice of appeal the trial court's journal entry and opinion granting O'Malley's motion for summary judgment. O'Malley is not a party to this appeal.

journal entry and opinion denying his motion for a new trial did Rigo seek to file an amended notice of appeal from that judgment.

{¶ 23} Because of the requirement in App.R. 3(D), our jurisdiction is limited to consider only those assignments of error related to the judgment appealed from. *State v. Nelson*, 8th Dist. Cuyahoga No. 94580, 2011-Ohio-326, ¶ 10, citing *State v. Reed*, 8th Dist. Cuyahoga No. 91767, 2009-Ohio-2264, ¶ 7, citing *State v. Stewart*, 8th Dist. Cuyahoga No. 86411, 2006-Ohio-813, ¶ 52. Therefore, we are without jurisdiction to consider Rigo's arguments related to the trial court's denial of his motion for a new trial.

{¶ 24} While Rigo clearly failed to comply with App.R. 3(D), we are mindful that in light of the thorough briefing of the issue by both parties, and the completeness of our record, which was properly supplemented to include the journal entry and opinion denying the motion for a new trial, appellate review of this issue is not impossible. However, even if we were to decide this issue on the merits, Rigo's argument would be unsuccessful.

{¶ 25} The standard of review we apply to a trial court's ruling on a Civ.R. 59 motion for a new trial depends upon the grounds for the motion. *Robinson v. Turoczy Bonding Co.*, 8th Dist. Cuyahoga No. 103787, 2016-Ohio-7397, ¶ 23. A motion for a new trial brought under Civ.R. 59(A)(1), (2), (3), (4), (5), (6), or (8) is reviewed for an abuse of discretion. *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 8th Dist. Cuyahoga No. 104014, 2017-Ohio-1443, ¶ 12-13. Thus, because Rigo moved for a new trial pursuant to Civ.R. 59(A)(6), arguing that

the verdict was against the manifest weight of the evidence and the jury awarded inadequate damages, we would review the trial court's decision for an abuse of discretion. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

{¶ 26} In ruling on a motion for a new trial on the basis of manifest weight, the trial court

> must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence.

*Eastley*, 132 Ohio St.3d at 336, 2012-Ohio-2179, 972 N.E.2d 517, quoting *Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970), paragraph three of the syllabus.

{¶ 27} Here, the trial court reviewed the testimony and other evidence, evaluated witness credibility, and ultimately found with respect to the Home Depot accident that

> [a] reasonable jury could have concluded that [Rigo] actually attached the trailer, or that [Rigo] failed to prove that Home Depot attached the trailer. As the only witness to Accident number 3 was [Rigo], a reasonable jury could even question whether the accident ever actually happened.

> A reasonable jury could have concluded that the accident was not significant enough to proximately cause any quantifiable damage to [Rigo.] [Rigo] failed to meet his burden of persuasion on the issues of negligence and probable cause.

With respect to the statements made by Herron referring to injuries Rigo may have sustained in the Home Depot accident, the court found that even assuming that was an admission, Rigo was still required to prove damages from those injuries. Because Rigo made a strategic decision not to include any evidence relating to medical billing, he therefore failed to meet his burden of persuasion on the issue of damages. Ultimately, the trial court concluded that Rigo failed to meet his burden of persuasion on all elements of his claims against Home Depot, and therefore, the jury's verdict was not against the manifest weight of the evidence.

{¶ 28} Nothing in our review of the record, including the trial court's well-reasoned and thorough opinion denying Rigo's motion for a new trial, indicates that the trial court's denial of Rigo's motion was unreasonable, arbitrary, or unconscionable. Therefore, even if we had jurisdiction to review Rigo's challenge of the trial court's denial of his motion for a new trial, we could not conclude that the trial court abused its discretion in denying Rigo's motion for a new trial pursuant to Civ.R. 59(A)(6).

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR