[Cite as *Grace v. Geico Ins. Corporate Office*, 2024-Ohio-5815.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MYRON A. GRACE, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 113919 |
| v. | : | |
| GEICO INSURANCE CORPORATE OFFICE, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-993152

*Appearances:*

Myron A. Grace, *pro se.*

Garvey | Shearer | Nordstrom, PSC, John J. Garvey III,
and Jason E. Abeln, *for appellee.*

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiff-appellant Myron A. Grace ("Grace"), pro se, appeals the trial court's order granting defendant-appellee GEICO Insurance, Corporate Office's

("GEICO") motion to dismiss pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm the trial court's order.

**Factual and Procedural History**

{¶ 2} Grace and Rakhshanda Talib ("Talib") (collectively "plaintiffs") obtained car insurance from GEICO Secure Insurance Company, policy No. 6109-15-31-29, effective from June 11, 2023, through December 11, 2023. On November 6, 2023, GEICO informed the plaintiffs, via email, that the monthly policy rate would increase from $296.47 to $524.07 on December 11, 2023, reflecting a 56% increase in the insurance premium. On the same date, GEICO sent a second email to plaintiffs stating changes had been made to their policy or contract and including this notice:

> IMPORTANT NOTICE regarding the increase in your premium to our insureds: Your premium rates are higher because of a change in your policy risk characteristics. A recent accident, conviction, or claims history has resulted in a change of tier. Your policy will be reviewed on a periodic basis, and your rates may be adjusted up or down based on your individual characteristics in accordance with our filed and approved rate program.
>
> The Multi-Line Discount has been removed because you no longer meet the eligibility requirements.

A GEICO Declarations Page dated November 7, 2023, also contains the above-cited language and indicates the company proposed to insure plaintiffs' 2019 Dodge Caravan from December 11, 2023, through June 11, 2024. Plaintiffs opted not to insure their vehicle with GEICO at the increased premium and allegedly secured vehicle insurance through another carrier.

{¶ 3} On February 21, 2024, plaintiffs filed a complaint — naming GEICO Insurance, Corporate Office as the defendant — alleging consumer fraud, racketeering, abuse of a fiduciary relationship, and financial loss and seeking $145,000 in damages.

{¶ 4} On March 26, 2024, GEICO filed a motion to dismiss plaintiffs' complaint under Civ.R. 12(B)(6). GEICO argued that Grace and Talib named GEICO Insurance, Corporate Office as the defendant rather than GEICO Secure Insurance Company and, therefore, they sued the wrong entity. GEICO also argued that the facts alleged by the plaintiffs — the issuance of a renewal policy at an increased premium and plaintiffs' decision to obtain alternate insurance coverage — did not constitute fraud, racketeering, or abuse of a fiduciary relationship entitling plaintiffs to recover damages. GEICO's motion cited case law and included legal analysis asserting that Grace and Talib could prove no set of facts in support of their claims.

{¶ 5} Grace and Talib filed a timely brief in opposition, and on April 1, 2024, GEICO filed a reply brief. On May 7, 2024, the trial court issued a journal entry finding that even if plaintiffs amended their complaint to name the correct party-defendant, their complaint did not demonstrate viable claims for relief and, therefore, the court granted GEICO's motion to dismiss.

**{¶ 6}** On May 10, 2024, Grace[1] filed a timely notice of appeal presenting these assignments of error, verbatim:

> Assignment of Error I: The trial court Cuyahoga Court of Common Pleas Ohio erred in allowing Geico's request to Compel Arbitration to be granted, because the Appellant had no financial means to pay Arbitration.

> Assignment of Error II: Arbitration for cases that involve small recovery amounts should not be granted. That Appellant offered to settle with Geico $16,500 with a[n] open counter offer. The case Arbitration would cost at least $3,000, which is unconscionable considering the case may settle for not much more than $6,000.

**Legal Analysis**

**{¶ 7}** For ease of discussion, we will address the two assignments of error collectively.

**{¶ 8}** Initially, we note that Grace acted pro se before the trial court and represents himself pro se on appeal. This court has previously recognized

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.). Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Thus, we presume Grace had knowledge of the law, legal procedures, and appellate process regarding his burden of demonstrating error on appeal and the requirements for his appellate brief.

---

[1] The initial complaint was filed by both Grace and Talib but only Grace pursued an appeal.

{¶ 9} Grace appealed from the trial court's May 7, 2024 journal entry that granted GEICO's motion to dismiss. Nevertheless, Grace argues on appeal that the trial court erred in granting GEICO's request to compel arbitration. A review of the record demonstrates that no written motion to compel or request for arbitration was filed with the trial court nor does the trial court's docket reference arbitration. GEICO denies arbitration was discussed while this case was pending before the trial court. Because Grace does not challenge the judgment that is before us in this appeal, he has failed to demonstrate any error by the trial court.

{¶ 10} For the foregoing reasons, Grace's assignments of error are without merit.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)