[Cite as *Gilles v. Castelli*, 2025-Ohio-460.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

RANDY GILLES,                                :

      Plaintiff-Appellee,          :

                                  No. 114055

      v.                           :

ANGELO CASTELLI,                             :

      Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2025

---

Civil Appeal from the Berea Municipal Court
Case No. 24-CVI-00567

---

### *Appearances:*

Angelo Castelli, *pro se.*

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Angelo Castelli ("Castelli") appeals the Berea Municipal Court's decision that granted judgment in favor of plaintiff-appellee Randy Gilles ("Gilles"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On August 31, 2014, the parties entered into a residential lease agreement whereby Gilles rented from Castelli a home located on North Gallatin in Brook Park, Ohio ("rental property") and, pursuant to that agreement, Gilles provided Castelli a $1,900 security deposit. Gilles allegedly vacated the rental property on January 1, 2024.

{¶ 3} Upon gaining possession of the rental property in January 2024, Castelli allegedly conducted an inspection and found "excessive wear and tear" to the rental property. Additionally, Castelli claimed he retained $950 of the security deposit to offset unpaid rent.

{¶ 4} On February 28, 2024, Gilles filed a small claims complaint against Castelli with the Berea Municipal Court seeking to recover $3,000 as itemized below:

$950 — half of the security deposit
$126 — court costs
$800 — lost wages
$200 — excessive electric bill
$924 — mental anguish, pain, and suffering

{¶ 5} On April 24, 2024, the magistrate held a hearing where both parties were present; the magistrate heard testimony and received evidence. On the following day, the magistrate issued a report and recommendation that stated based upon the testimony and exhibits, Gilles was entitled to receive the balance of his security deposit — $950 — plus interest at the rate of 8% per annum from April 24, 2024, and court costs. The magistrate further found Gilles was not entitled to

recover lost wages or pain and suffering and Castelli "failed to provide credible evidence as to cost to repaint unit and therefore not entitled to offset balance of security deposit." April 25, 2024 magistrate's report and recommendation.

{¶ 6} On May 3, 2024, Castelli filed the following objections to the magistrate's decision:

> Mr. Randy Gilles left the [rental property] on January 1, 2024 [on] his own terms. House was left in condition of a new paint job. He painted rooms all dark color many coats of paint were needed. My wife also cleaning woman was present in court to testify. Mr. Gilles has been hostile toward me since end of summer 23. Placed camera all around the house trying to get a reaction out of me. Before filing this report spoke to an officer in Brook Park and he can elaborate what in writing.

May 3, 2024 objections to magistrate's report. On May 10, 2024, the municipal court judge overruled Castelli's objections; approved and confirmed the magistrate's report and recommendation; and entered judgment in favor of Gilles in the amount of $950 plus 8% interest from April 24, 2024, and court costs.

{¶ 7} On June 17, 2024, Castelli filed a timely notice of appeal presenting two assignments of error:

> Assignment of Error I: The trial court erred in finding that the Defendant's retention of the security deposit was not justified under Ohio Revised Code § 5321.16.

> Assignment of Error II: The trial court erred in concluding that the damages assessed were not beyond normal wear and tear.

Castelli did not provide a transcript of the April 25, 2024 hearing for our consideration. Gilles has not made an appearance in the appeal.

**Legal Analysis**

{¶ 8} Initially, we note that Castelli acted pro se in the municipal court and presents himself pro se on appeal. This court has previously recognized

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Thus, we presume Castelli had knowledge of the law, legal procedures, and appellate process, including App.R. 9, regarding his burden of demonstrating error on appeal.

{¶ 9} For ease of discussion, we will address the assignments of error collectively.

{¶ 10} Castelli claims the municipal court erred when it found the damages caused by Gilles did not constitute "excessive wear and tear" and awarded Gilles his security deposit, interest, and court costs. To determine the merits of Castelli's appeal, this court must consider the underlying facts and determine whether the evidence and testimony introduced to the municipal court supported its decision.

{¶ 11} "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion."

App.R. 9(B)(4); *see Pedra Props., LLC v. Justmann*, 2015-Ohio-5427, ¶ 15 (8th Dist.) ("[T]he appellant . . . is responsible for providing this court with the complete record of the facts, testimony and evidentiary matters necessary to support his assignment of error so that we can properly evaluate the trial court's decision."). Castelli failed to provide a transcript or an appropriate substitute as permitted under App.R. 9(C) or (D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 12} Castelli's failure to provide this court with the transcript, or an App.R. 9 alternative, requires this court to presume the validity of the lower court's proceedings and overrule Castelli's assignments of error.

{¶ 13} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

MICHELLE J. SHEEHAN, P.J., and
MICHAEL J. RYAN, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)