[Cite as *K&D Mgt., L.L.C. v. Marshall*, 2025-Ohio-1736.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

K&D MANAGEMENT LLC,                    :

     Plaintiff-Appellee,            :

     v.                             :

SHANAUTICA MARSHALL,                   :

     Defendant-Appellant.           :

No. 114365

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 15, 2025

---

Civil Appeal from the Bedford Municipal Court
Case No. 23CVF02320

---

### *Appearances:*

Powers Friedman Linn, PLL, Rachel E. Cohen, and Thomas P. Owen, *for appellee.*

Shanautica Marshall, *pro se.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Shanautica Marshall ("Marshall") appeals from the trial court's judgment entry awarding plaintiff-appellee K&D Management, LLC ("K&D") monetary damages resulting from a breach of a lease agreement and

overruling Marshall's counterclaim. Marshall raises several issues challenging the trial court's findings and evidentiary rulings, yet has failed to provide this court with a transcript of the relevant proceedings necessary to address the issues raised. As a result, we must presume the validity of the lower court's proceedings and, therefore, affirm the trial court's judgment.

## Procedural History and Relevant Facts

{¶ 2} On June 1, 2023, K&D filed a complaint against Marshall in the Bedford Municipal Court. The complaint alleged that K&D is the landlord of a premises located on Rockside Road, Bedford Heights, OH ("Premises"). The complaint further alleged that Marshall was a tenant with a written lease agreement for the premises. The complaint contained two causes of action for damages alleging that (1) Marshall had failed to pay monthly rent and other contractual charges and (2) Marshall failed to care and maintain the premises.

{¶ 3} On June 29, 2023, Marshall filed an answer and counterclaim requesting monetary damages. K&D filed a reply to Marshall's counterclaim on July 6, 2023.

{¶ 4} On June 5, 2024, the matter proceeded to a bench trial. Both parties were present. On June 7, 2024, the trial court issued a judgment entry finding in favor of K&D "in the amount of $1,407.00 plus costs and statutory interest of 8%[.]" With respect to Marshall's counterclaim, the trial court rendered a verdict in favor of K&D.

{¶ 5} On June 28, 2024, Marshall filed a motion for new trial based on what she alleged to be newly discovered evidence consisting of medical records from a recent hospitalization that she argued was relevant as to why she did not provide timely notice of terminating her lease. K&D opposed Marshall's motion for new trial on July 10, 2024. The trial court held a hearing on Marshall's motion on August 8, 2024, with all parties present. The trial court denied Marshall's motion for new trial four days later.

{¶ 6} On August 9, 2024, Marshall filed a motion for a transcript of the proceedings. The trial court issued a judgment on August 13, 2024, noting that the court does not use court reporters and only uses audio recordings of its hearings, which were provided to Marshall. The court indicated that Marshall was free to have the recordings transcribed at her own cost.

{¶ 7} On August 15, 2024, Marshall filed a notice of appeal from the trial court's judgment entry issued on June 7, 2024, finding in favor of K&D.[1] The next day, she filed another motion with the trial court, requesting the court waive the cost of the transcript, alleging she was indigent. On August 19, 2024, the trial court issued a judgment recognizing that "in a civil matter [the trial court] is under no

---

[1] Although Marshall's notice of appeal indicated she was appealing from the "June 6, 2024" judgment entry, the appeal was timely filed because the trial court did not rule on her motion for new trial until August 12, 2024. *See* App.R. 4(B)(2). On September 20, 2024, Marshall filed a copy of the trial court's June 7, 2024 judgment entry from which she now appeals. Marshall has not appealed the trial court's August 12, 2024 judgment entry denying her motion for new trial.

obligation to prepare and provide the [d]efendant with a written transcript of a civil proceeding, even though she filed an [a]ffidavit of [i]ndigency." The trial court again noted that Marshall was free to engage the services of a court reporter to prepare the transcript of the court's proceedings.

{¶ 8} On October 22, 2024, Marshall amended her appellate praecipe to indicate that she did not believe that a trial transcript was necessary.

{¶ 9} On appeal, Marshall raises the following assignments of error:

1. The trial court erred in denying the return of the security deposit and failing to award statutory damages under Ohio Rev. Code 5321.16(B) and (C), as the Appellee did not provide an itemized list of damages within 30 days, as required by law.

2. The trial court erred in awarding the Appellee costs for removal of trash bags and large furniture, as these charges were not outlined in the lease agreement, nor did the Appellee incur "actual damages" as required by Ohio Rev. Code Section 5321.05(C)(1).

3. The trial court erred in failing to award damages to the Appellant for water damage that was never repaired, in violation of the landlord's obligations under Ohio Rev Code 5321.04.

4. The trial court erred in failing to award emotional damages to the Appellant, which resulted from the Appellee's constructive fraud, bad faith, and harassment. The Appellee's actions included withholding important information, intentionally including improper charges, and refusing to provide clarity, ultimately forcing the Appellant into a lawsuit.

5. The trial court erred in awarding the Appellee a full month of rent and utility recovery charge for October, as the judgment failed to account for the credited amount remaining at the end of September and the reimbursement for late fees granted to the Appellant pursuant Ohio Rev. Code 5321.14(A).

6. The trial court erred in denying the Appellant request for punitive damages despite evidence of the Appellee's constructive fraud, bad

faith, and harassment. Pursuant to Ohio Rev. Code 2315.21(C), punitive damages are warranted when a party's conduct demonstrates malice, fraud, or egregious bad faith. The Appellee's actions- including imposing improper charges, intentionally withholding critical information, and ignoring requests for clarity- clearly met these criteria. The denial of punitive damages prejudiced the Appellant by failing to hold the Appellee accountable for their willful misconduct and deterring similar behavior in the future.

7. The trial court erred in excluding evidence contained within "Collections to Lawsuit" (Defendant's Exhibit H), consisting of six pages. (See Defendant's Trial Brief filed on May 21, 2024) This evidence demonstrates communications between a company acting as a debt collector, not in the capacity of legal counsel, during attempts to collect a debt before the lawsuit. The excluded evidence included the Appellant's disputes regarding the accuracy and fairness of the account, which was directly relevant to establishing the Appellee's bad faith conduct. Furthermore, its exclusion prejudiced the Appellant's ability to support claims, which violated the Fair Debt Collection Practices Act 809(B).

8. The trial court erred in denying the Appellant's motion to introduce new evidence that was critical to the claims presented at trial. The excluded evidence consisted of medical documentation showing the Appellant's hospitalization on October 1 due to a miscarriage. This evidence was directly relevant to the Appellant's inability to provide the required 30 day termination notice under Ohio Rev Code 5321.17(B) due to health complications that negatively affected her mentally, emotionally, and physically, and was admissible under the principles of the Americans with Disabilities Act, which requires reasonable accommodations for individuals with mental or physical disabilities. The denial of this motion prejudiced the Appellant by preventing the full presentation of their case and materially affecting the outcome.

**Law and Argument**

{¶ 10} As a preliminary matter, we note that Marshall acted pro se in the trial court and represents herself pro se on appeal. This court has previously recognized that "a pro se litigant may face certain difficulties when choosing to represent

oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency." *Saeed v. Greater Cleveland Regional Transit Auth.,* 2017-Ohio-935, ¶ 7 (8th Dist.), citing *Henderson v. Henderson,* 2013-Ohio-2820, ¶ 22 (11th Dist.). As a result, "[p]ro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel." *Id.,* citing *In re Application of Black Fork Wind Energy,* 2013-Ohio-5478, ¶ 22. Thus, we presume that Marshall "had knowledge of the law, legal procedures, and appellate process, including App.R. 9, regarding [her] burden of demonstrating error on appeal." *Gilles v. Castelli,* 2025-Ohio-460, ¶ 8 (8th Dist.).

{¶ 11} On appeal, Marshall raises multiple issues, all of which require us to review factual determinations presented to and made by the trial court. In order to determine the merits of Marshall's appeal, we must consider the underlying facts and determine whether the evidence and testimony presented at trial support the trial court's decision.

{¶ 12} App.R. 9(B)(4) provides that "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." As such, "the appellant . . . is responsible for providing this court with the complete record of the facts, testimony and evidentiary matters necessary to support his assignment of error so that we can properly evaluate the trial court's decision." *Pedra Props., L.L.C. v. Justmann,* 2015-Ohio-5427, ¶ 15 (8th

Dist.). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶ 13} Here, Marshall has failed to provide a transcript of the proceedings or an appropriate substitute as permitted under App.R. 9(C) or (D). As a result, we are required to presume the validity of the lower court's proceedings and overrule Marshall's assignments of error. *Gilles*, 2025-Ohio-460, at ¶ 12 (8th Dist.) (holding that the appellant's failure to provide the court with a transcript or an App.R. 9 alternative requires the reviewing court "to presume the validity of the lower court's proceedings and overrule [the appellant's] assignments of error").

{¶ 14} Marshall also challenges the trial court's judgment entry denying her motion for new trial. App.R. 3(D) provides that a notice of appeal "shall designate the judgment, order or part thereof appealed from." As such, "'our jurisdiction is limited to consider only those assignments of error related to the judgment appealed from.'" *Rigo v. Liberty Mut. Group., Inc.,* 2023-Ohio-1033, ¶ 23 (8th Dist.), quoting *State v. Nelson,* 2011-Ohio-326, ¶ 10 (8th Dist.). Since Marshall has not appealed from the trial court's denial of her motion for new trial, we are without jurisdiction to consider the arguments related to the trial court's denial of her motion for new trial. *See Rigo* at ¶ 23 (holding that the court was without jurisdiction to consider

arguments related to the trial court's denial of a motion for new trial that had not been appealed from).

{¶ 15} Accordingly, Marshall's assigned errors for review are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR