[Cite as *Coventry Courts, L.L.C. v. Cuyahoga Cty.*, 2023-Ohio-1037.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

COVENTRY COURTS, LLC,  :

    Plaintiff-Appellant,  :

                          No. 111646

    v.  :

CUYAHOGA COUNTY, ET AL.,  :

    Defendants-Appellees.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 30, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-919819

*Appearances:*

HOUSTON LEGAL COUNSEL and Michael R. Houston,
*for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mark R. Greenfield, Assistant Prosecuting
Attorney, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Coventry Courts LLC ("Coventry"), appeals an order granting summary judgment in favor of defendant-appellee, Cuyahoga County ("the county"). Coventry claims the following errors:

1. The trial court erred in granting defendant-appellee's motion for summary judgment of plaintiff-appellant's claim for unjust enrichment.

2. The trial court erred in granting defendant-appellee's motion for summary judgment on plaintiff-appellant's claim for fraud.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In June 2008, Coventry purchased real property located at 9410 Hough Avenue in Cleveland, Ohio, for $300,000. The property was identified as permanent parcel numbers 119-13-014, 119-13-105, 119-13-106, 119-13-107, 119-13-108, and 119-13-109 ("the property"). Permanent parcel number 119-13-014 was considered the "primary parcel," and the remaining parcels were considered "sub-parcels." When Coventry purchased the property, there were seven apartment buildings totaling 160 units on the property, which were boarded and uninhabited.

{¶ 4} In 2010, Coventry filed a complaint with the Cuyahoga County Board of Revision ("BOR") for the 2009 tax year. Coventry claimed the property was over-valued and requested a reduction in valuation based on the purchase price from the time of the purchase in 2008 through 2014. It is not clear what the BOR decided, but Coventry appealed the BOR's decision to the Ohio Board of Tax Appeals ("BTA"). The parties settled the dispute and signed a "Self-Executing Settlement Agreement." (Self-Executing Settlement Agreement attached to defendant's reply brief as exhibit No. 2.) The "Self-Executing Settlement Agreement" stated, among other things:

> It is further stipulated and agreed that this Fiscal Officer of Cuyahoga County shall change his tax records accordingly once the Supreme Court of Ohio issues an Order remanding this case to the Board of Tax

Appeals and that this Settlement Agreement shall terminate this appeal. The parties further stipulate that no further hearings or proceedings are necessary in this appeal to effectuate this settlement.

{¶ 5} In early 2016, Coventry filed a second tax complaint with the BOR for the 2015 tax year. On July 27, 2016, while the appeal was pending, Lou Gentile ("Gentile"), a commercial-appraisal manager in the Cuyahoga County Fiscal Office, sent a letter to John Crigler ("Crigler"), the majority member of Coventry, informing Crigler that the county had erred in the valuation of the property. Gentile indicated that the county had counted 44 units as part of the primary parcel's valuation, but it also counted those units when valuing the sub-parcels. Thus, by double-counting those units, the county had inflated the value of the property for tax purposes.

{¶ 6} The record is devoid of information regarding the BOR's decision regarding Coventry's second complaint, but Coventry again appealed the BOR's decision to the BTA. The parties ultimately resolved the matter and filed a "Stipulation of Value" in May 2018. The Stipulation of Value provided, in part:

> IT IS UNDERSTOOD AND AGREED that in consideration of the within stipulation, Cuyahoga County shall refund or credit the amount of FIVE THOUSAND FIVE HUNDRED NINETY-NINE and NINETY ONE HUNDREDTHS DOLLARS ($5,599.90) [sic], against the outstanding obligations of Coventry Courts for real estate taxes owed by it respecting the above mentioned permanent parcels (if the amount is processed as a credit, the credit shall be first applied against parcel no. 119-13-014, and if the credit exceeds the real estate taxes due for said parcel, the remaining credit shall be applied against the taxes due on the permanent parcels above listed, in the sequence that they are listed until the credit is fully applied). The BOE concurs with the making of such credit with the understanding that the giving of the credit shall reduce the tax dollars that it shall collect. The terms, conditions, and agreements contained in this paragraph are an integral part of the stipulation, and are included specifically in consideration of

the termination of the proceedings, and the compromise and settlement of all claims, including but not limited to, litigation captioned as *Coventry Courts, LLC v. Cuyahoga County Bd. of Revision, et. al.*, BTA Case Nos. 2016-2581, 2016-2582, 2016-2583.

{¶ 7} On July 27, 2018, Coventry filed a complaint against Cuyahoga County in the Cuyahoga County Court of Common Pleas, asserting claims for fraud and unjust enrichment. Coventry alleged that the county had fraudulently inflated the value of the property and that the county was unjustly enriched by the overpayment of taxes based on the fraudulent overvaluation of the property.

{¶ 8} The county filed a motion for summary judgment, arguing that it was immune from liability pursuant to R.C. Chapter 2744 because it is a political subdivision. It also asserted that Coventry's claims were barred by the applicable statute of limitations and by the doctrine of res judicata because the parties had resolved the disputed valuation with the Stipulation of Value in 2018. The county maintained that the Stipulation of Value resulted in a settlement of *all* claims related to the valuation of the property, including claims outside the scope of the complaint pending before the BTA for the 2015 tax year.

{¶ 9} The trial court granted summary judgment in the county's favor. In its opinion and order, the trial court found that Coventry's fraud and unjust-enrichment claims were both barred by the political-subdivision immunity provided in R.C. Chapter 2744. It also found that Coventry's claims were barred by res judicata because Coventry discovered that the county had double counted 44 rental

units on the property in 2016, before it settled its complaint in 2018 for revaluation of the 2015 tax year. On the issue of res judicata, the court explained:

> When the parties entered this stipulation, however, Coventry Courts had already received notice of the double counting. Even though the present issue was not part of the tax appeal pending at that time, Coventry Courts could have brought a new appeal or some other challenge to the valuation prior to entering the stipulation. Coventry Courts knew all the operative facts prior to entering the stipulation with its broad release language.
>
> Because claims related to the present valuation * * * could have been raised prior to entering the stipulated entry, the Court concludes that it has preclusive effect and bars the present action.

{¶ 10} Coventry now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 11} As a preliminary matter, we first address Coventry's assertion that the trial court erred in concluding that the county's motion for summary judgment applied to both of Coventry's claims. Coventry contends the county's motion only applied to its fraud claim and did not apply to the unjust enrichment because the motion contained specific arguments relative to the fraud claim but not the unjust-enrichment claim. However, the county's motion repeatedly referenced Coventry's "claims" in the plural rather than as a singular "claim." And its arguments pertained to general defenses such as political-subdivision immunity and res judicata that arguably applied equally to both claims. Indeed, at one point, the county argued that because the county is immune from liability pursuant to R.C. Chapter 2744, "the complaint must be dismissed." (Defendant's motion for summary judgment p.7.) Obviously, a dismissal of the entire complaint would include the dismissal of both

counts alleged in the complaint. We, therefore, agree with the trial court that the county's motion applied to both the fraud and unjust-enrichment claims even though the county made additional arguments specific to the fraud claim that did not apply to the unjust-enrichment claim.

## A. Standard of Review

{¶ 12} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## B. Sovereign Immunity

{¶ 13} In the first assignment of error, Coventry argues the trial court erred in granting the county's motion for summary judgment on its unjust-enrichment claim. In the second assignment of error, Coventry argues the trial court erred in granting the county's motion for summary judgment on its fraud claim. In both

assignments of error, Coventry argues the trial court erroneously found that the county was immune from liability for these claims pursuant to the political-subdivision immunity provided in R.C. Chapter 2744. We, therefore, discuss these issues together.

{¶ 14} The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, sets forth a three-tier analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. In the first tier of the analysis, the court applies the general rule provided in R.C. 2744.02(A)(1), which states that a political subdivision is "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The second tier of the analysis places the burden on the plaintiff to overcome this statutory immunity by showing that one of the five exceptions contained in R.C. 2744.02(B) applies. *Powell v. Cleveland*, 8th Dist. Cuyahoga No. 111338, 2022-Ohio-4286, ¶ 10. If any of the exceptions enumerated in R.C. 2744.02(B) applies, the court proceeds to the third tier of the analysis and determines whether any of the defenses enumerated in R.C. 2744.03 applies to provide the political subdivision a defense against liability. *Colbert v. Cleveland* at ¶ 9. If none of the five exceptions applies, the immunity analysis ends without proceeding to the third tier. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 32.

{¶ 15} The immunity provided in R.C. 2744.02(A)(1) only applies to political subdivisions engaged in a governmental or proprietary function. R.C. 2744.02(A)(1). R.C. 2744.01(C)(1)(a) defines the term "governmental function" as including, among other things, "[a] function that the general assembly mandates a political subdivision to perform." R.C. 2744.01(C)(2)(x). The General Assembly enacted R.C. 5713.01(A), which mandates that "[e]ach county shall be the unit for assessing real estate for taxation purposes" and that "[t]he county auditor shall be the assessor of all the real estate in the auditor's county for purposes of taxation[.]" Thus, because the assessment and collection of real estate taxes is a governmental function mandated by the General Assembly, the county is immune from liability for Coventry's claims pursuant to R.C. 2744.02(A)(1).

{¶ 16} In the second tier of the analysis, the court must determine whether any of the five exceptions enumerated in R.C. 2744.02(B) applies to expose the political subdivision to liability. Those exceptions occur when the injuries or loss are caused by (1) the negligent operation of a motor vehicle by an employee; (2) the negligent performance of an employee with respect to a proprietary function; (3) the failure to keep public roads, highways, and streets open, in repair, and free from nuisance; (4) the negligence of an employee on the grounds of a building used for governmental purposes; or (5) the injuries are those for which liability is expressly imposed by the Ohio Revised Code. R.C. 2744.02(B)(1)-(5).

{¶ 17} This court and the Ohio Supreme Court have held that there are no exceptions to immunity for the intentional tort of fraud. *Yoby v. Cleveland*, 8th Dist.

Cuyahoga No. 108174, 2020-Ohio-3366, ¶ 85, quoting *Hubbard v Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 8 ("There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress.); *See also Rid-All Exterminating Corp. v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No., 98174, 2012-Ohio-5074, ¶ 9, quoting *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994) ("[T]here are no exceptions to immunity for the intentional tort[ ] of fraud * * *."). Therefore, because there are no exceptions to the general immunity provided in R.C. 2744.02(A)(1) for Coventry's fraud claim, the trial court properly concluded that the county was immune from liability for fraud and granted summary judgment in the county's favor on that claim.

{¶ 18} The trial court also found that the political-subdivision immunity provided in R.C. Chapter 2744 applies to Coventry's unjust enrichment claim. However, courts have held that because political-subdivision immunity only applies to tort claims, the defense is inapplicable to claims to recover improperly collected taxes and fines. *LaBorde v. Gahanna*, 10th Dist. Franklin Nos. No. 14AP-764 and 14AP-806, 2015-Ohio-2047, ¶ 18 (political-subdivision immunity was not available as a defense to taxpayers' claims for declaratory judgment that taxes were overpaid because the declaratory judgment claims did not sound in tort.); *State ex rel. Fatur v. Eastlake*, 11th Dist. Lake No. 2009-L-037, 2010-Ohio-1448, ¶ 29-41, 47 (political-subdivision immunity was not available as a defense against taxpayer suit brought pursuant to R.C. 733.59, 2723.01, and 2923.31 because political-subdivision

immunity only applies to tort claims.), *Bratton v. Couch*, 5th Dist. Morgan No. CA02-012, 2003-Ohio-3743, ¶ 34 (actions brought pursuant to R.C. 2723.01 to recover improper collection of taxes are "outside the protective shield of sovereign immunity"); *Barrow v. New Miami*, 2018-Ohio-217, 104 N.E.3d 814 (12th Dist.) (finding political subdivision immunity inapplicable where plaintiffs sought unjust enrichment claims against a city for improper collection of traffic fines). Therefore, the trial court erred in concluding that the county was immune from liability under R.C. Chapter 2744 for Coventry's unjust-enrichment claim to recover improperly collected taxes.

## C. Unjust Enrichment

{¶ 19} Unjust enrichment occurs where "a person has and retains money or benefits which in justice and in equity belong to another." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20; *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938). The purpose of an unjust enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to enable the plaintiff to recover the benefit conferred on the defendant under circumstances in which it would be unjust to allow the defendant to retain it. *Johnson* at ¶ 21, citing *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335, 123 N.E.2d 393 (1954).

{¶ 20} Unjust enrichment is an equitable claim. *Sterling Contacting, L.L.C. v. Main Event Entertainment, L.P.*, 8th Dist. Cuyahoga No. 110965, 2022-Ohio-2138, ¶ 18, *Yousef v. Yousef,* 8th Dist. Cuyahoga No. 107453, 2019-Ohio-3656, ¶ 17.

{¶ 21} "Ohio law has consistently held that where there is an adequate remedy at law, an equitable remedy is improper." *McNulty v. PLS Acquisition Corp.*, 8th Dist. Cuyahoga No. 79025, 2002-Ohio-7220, ¶ 80, citing *Associated Estates Corp. v. Bartell*, 24 Ohio App.3d 6, 492 N.E.2d 841 (8th Dist.1986) ("since there is an adequate remedy at law, equity will not intervene"); *Belden v. Modern Fin. Co.*, 44 Ohio Law Abs. 163, 164, 61 N.E.2d 801 (2d Dist.1945) ("[W]here the remedy at law is adequate, equity does not have and will not take jurisdiction of a case."). *See also Cynergies Consulting, Inc. v. Wheeler*, 8th Dist. Cuyahoga No. 90225, 2008-Ohio-3362, ¶ 17, quoting *Eng. Excellence, Inc. v. Meola*, 10th Dist. Franklin No. 01AP-1342, 2002-Ohio-5412 ("An injunction is an extraordinary remedy in equity and is only available where there is no adequate remedy at law.").

{¶ 22} In *Musial Offices, Ltd. v. Cty. of Cuyahoga*, 8th Dist. Cuyahoga No. 108478, 2020-Ohio-5426, we held that taxpayers could not recover overpayment of taxes based on an unjust-enrichment claim. *Id*. at ¶ 26-43. The plaintiff-taxpayers in that case nevertheless recovered their overpayment of taxes based on an illegal taxation claim filed pursuant to R.C. 2723.01, which creates a specific cause of action to recover tax payments that have been collected illegally.

{¶ 23} R.C. 2723.01 states:

Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.

The county auditor is authorized to determine the taxable value of real property pursuant to R.C. 5713.03. In *Musial*, we held that the county illegally collected taxes in excess of the amount that would have been assessed if the property had been valued accurately. *Musial* at ¶ 52. A tax based on a value greater than the property owner is required to pay is illegal. *Id.*, citing *Orange Cty v. Bellsouth Telecomms.*, 812 So. 2d 475, 478 (Fla. 2002) ("A tax based on a charge greater than the subscriber is actually required to pay is simply illegal.").

{¶ 24} R.C. 2723.01 provides an adequate remedy at law. Therefore, an unjust-enrichment claim, as a form of equitable relief, is not the proper remedy for recovering the overpayment of taxes. This distinction could have been clearer in *Musial,* and we take this opportunity to make this clarification now. Nonetheless, because Coventry had an adequate remedy at law, an unjust-enrichment claim is not available. Therefore, the trial court properly granted summary judgment in favor of the county on Coventry's unjust-enrichment claim albeit for a different reason. Therefore, the first assignment of error is overruled.

### D. Res Judicata

{¶ 25} The doctrine of res judicata holds that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995), syllabus. "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue

preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6, citing *Grava* at 381.

{¶ 26} "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.*, citing *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). Issue preclusion prevents relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. *Id.* at ¶ 7. For a claim to be barred by issue preclusion, the party seeking to preclude the claim must show:

> "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action."

*Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶ 27} "'Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings.'" *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663, ¶ 11, quoting *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 29. A proceeding before the BTA is a quasi-judicial proceeding because it "conducts hearings in the nature of legal proceedings, providing notice

and an opportunity to introduce testimony through witnesses." *Tbc Westlake v. Hamilton Cty Bd. of Revision*, 81 Ohio St.3d 58, 62, 689 N.E.2d 32 (1998), citing *Zangerle v. Evatt*, 139 Ohio St. 563, 571, 41 N.E.2d 369 (1942).

{¶ 28} The parties reached a settlement in the BTA on Coventry's complaint for revaluation of its property for the 2015 tax year. Pursuant to the parties' Stipulation of Value, Coventry received a tax credit in the amount of $5,599.91, and the parties agreed to the following:

> The terms, conditions, and agreements contained in this paragraph are an integral part of the stipulation, and are included specifically in consideration of the termination of the proceedings, and the compromise and *settlement of all claims, including but not limited to*, litigation captioned as *Coventry Courts, LLC v. Cuyahoga County Bd. of Revision, et. al.*, BTA Case Nos. 2016-2581, 2016-2582, 2016-2583.

(Emphasis added.)

{¶ 29} The parties entered into this agreement on May 2, 2018. Almost two years earlier, in July 2016, Gentile notified Crigler in a letter that it had erred in the valuation of Coventry's property by double-counting 44 rental units. Therefore, Coventry was aware of all the operative facts alleged in this lawsuit before entering the settlement agreement to resolve its valuation complaint in BTA.

{¶ 30} This lawsuit constitutes a second action involving the same parties disputing the taxes owed on the same property. Presumably, the complaint before the BTA related solely to the 2015 tax value of Coventry's property. Nevertheless, Coventry could have included language specifically limiting the release to Coventry's complaint for the 2015 tax year. Instead, it broadly released the county of "all claims,

including but not limited to" the claims in the tax appeal before the BTA. Therefore, the language of the settlement agreement precludes the present action, and the trial court properly granted summary judgment in favor of the county on all of Coventry's claims.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeals.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR