[Cite as *Bykova v. Cleveland Div. of Water*, 2025-Ohio-552.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IRINA BYKOVA, ET AL.,               :

    Plaintiffs-Appellants,          :

                     No. 114116

    v.                              :

CLEVELAND DIVISION OF WATER,        :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-988861

---

### *Appearances:*

Irina Bykova, *pro se*.

Mark D. Griffin, Cleveland Director of Law, and James R. Russell, Jr., Chief Assistant Director of Law, and Lewis R. Smoot, III, Assistant Director of Law, *for appellee*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Irina Bykova, appeals the trial court's grant of the City of Cleveland's ("city") motion for judgment on the pleadings. For the reasons that follow, we affirm.

{¶ 2} Bykova owns property on West 44th Street in Cleveland, obtained from her father in August 2017, via quitclaim deed. The city provides water utility services to the property. In June 2022, Bykova alerted the city that she owned the property. The city transferred the billing information to Bykova, created a new account number, and installed a new meter on the property.

{¶ 3} Bykova received an account summary with a recounting of the property's water usage dating back to the effective date of the deed, which included an outstanding balance of $2,168.89. Bykova did not make payments after October 2022. In September 2023, the city shut off water service at the property.

{¶ 4} On October 3, 2023, Bykova filed a pro se complaint on behalf of herself and two other parties, Leon Bykov ("Leon") and Marina Bykova ("Marina"), in Cuyahoga County Common Pleas Court (Cuyahoga C.P. No. CV-23-986426). On November 21, 2023, Bykova filed another pro se complaint in Cuyahoga County Common Pleas Court, making the same allegations as in her first complaint (Cuyahoga C.P. No. CV-23-988861). On November 29, 2023, and December 20, 2023, respectively, Bykova filed amended complaints in CV-23-986426 and CV-23-988861. The city and the Northeast Ohio Regional Sewer District ("NEORSD") were named defendants in these complaints; Bykova subsequently moved to dismiss the complaints against NEORSD, and the complaints were dismissed as to NEORSD.

{¶ 5} The city initially moved for summary judgment in CV-23-986426 and filed a motion to dismiss in CV-23-988861. The trial court sua sponte dismissed CV-23-988861 due to it being a duplicate complaint. In addition, the trial court

informed Bykova that because she was pro se she could not represent Leon and Marina, but Bykova continued to file pleadings on their behalf.

{¶ 6} The matter was set for trial, but the trial court stayed the case because Bykova filed a notice of appeal with this court. Her appeal was dismissed for lack of a final appealable order. *See Bykova v. Cleveland Div. of Water*, 8th Dist. Cuyahoga No. 113831, Motion No. 573910 (Apr. 24, 2024).

{¶ 7} The city filed a motion for judgment on the pleadings. On June 26, 2024, the trial court granted the motion. This appeal follows.

{¶ 8} First, we must address that Bykova continues to make claims on behalf of Leon and Marina. R.C. 4705.01 provides that no "person shall . . . commence . . . any action or proceeding in which the person is not a party . . . unless the person has been admitted to the bar by order of the supreme court[.]" "Only a licensed attorney may file pleadings on behalf of another party in court." *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 2019-Ohio-901, ¶ 5. Bykova has at all times proceeded pro se but throughout this case she has filed pleadings on behalf of Leon and Marina. Specifically, on appeal, Bykova argues that Leon's rights were violated. Because, as a pro se litigant, Bykova cannot bring forth claims on Leon's and Marina's behalf, this appeal will only proceed as to Bykova.

{¶ 9} In her appellate brief, Bykova lists 13 assignments of error, which we will combine for review. *See* appendix. This court has previously recognized that while a pro se litigant "'may be afforded reasonable latitude, there are limits to a

court's leniency.'" *Grace v. GEICO Ins. Corp. Office*, 2024-Ohio-5815, ¶ 8 (8th Dist.), quoting *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). "'Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.'" *Grace* at *id.*, quoting *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

{¶ 10} Thus, we presume Bykova had knowledge of the law, legal procedures, and appellate process regarding her burden of demonstrating error on appeal and the requirements for her appellate brief. But Bykova's appellate brief fails to conform with appellate rules. The form of the brief itself does not comply with App.R. 16 in numerous respects and Bykova's "Argument of Law" does not comply with App.R. 12 or 16. In accordance with App.R. 12(A)(2), this court could disregard her assigned errors and summarily affirm the trial court's judgment. We will, however, use our discretion to address Bykova's main argument that the city is not immune from liability. Any other arguments that may be gleaned from Bykova's brief are hereby overruled.

{¶ 11} Civ.R. 12(C) allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." Similar to a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are taken as true; however, unsupported legal conclusions are insufficient. *Tate v. Garfield Hts.*, 2013-Ohio-2204, ¶ 9 (8th Dist.). An appellate court reviews a motion

for judgment on the pleadings under a de novo standard. *Drozeck v. Lawyer Title Ins. Corp.*, 140 Ohio App.3d 816, 820 (8th Dist. 2000).

{¶ 12} The Political Subdivision Tort Liability Act, codified in R.C. Ch. 2744, sets forth a three-tier analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. First, a court applies the general rule provided in R.C. 2744.02(A)(1), which states that a political subdivision is "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." A "proprietary function" includes the maintenance and operation of "a municipal corporation water supply system." R.C. 2744.01(G)(2)(c). Thus, the city is generally immune from a suit arising from conduct in the course of operating the water system.

{¶ 13} "The second tier of the analysis places the burden on the plaintiff to overcome this statutory immunity by showing that one of the five exceptions contained in R.C. 2744.02(B) applies." *Coventry Courts, LLC v. Cuyahoga Cty.*, 2023-Ohio-1037, ¶ 14, citing *Powell v. Cleveland*, 2022-Ohio-4286, ¶ 10. "If any of the exceptions enumerated in R.C. 2744.02(B) applies, the court proceeds to the third tier of the analysis and determines whether any of the defenses enumerated in R.C. 2744.03 applies to provide the political subdivision a defense against liability." *Id*. at ¶ 14, citing *Colbert* at ¶ 9. "If none of the five exceptions applies, the immunity

analysis ends without proceeding to the third tier." *Id.* at ¶ 14, citing *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2008-Ohio-2567.

{¶ 14} R.C. 2744.02 provides an exception to immunity where a loss was caused "by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). In her complaint, Bykova alleges (1) the balance of her account was paid in full in June 2022; (2) on July 2, 2022, she received two bills for $2,168.89 and $901.87, to be paid by July 5; (3) she made numerous attempts by phone, email, and in person asking for an explanation of her bill; and (4) by November 2022, the city declined to accept proffered payments on the alleged balance and ultimately shut off her water on September 27, 2023. According to Bykova's amended complaint, the city's conduct was "freaky and brazen," "whimsical[,]" and "a clear case of money extortion" that amounts to "dishonesty and direct fraud." Bykova sought damages for "dishonest and fraudulent conduct" as a "penalty."

{¶ 15} Although Bykova did not allege clear causes of action in either her initial or amended complaint, we agree with the trial court's assessment that "[t]he clear import of Bykova's allegations is not that the city was negligent — defined as a failure to exercise due care where a legal duty is imposed — but that the city committed an intentional tort, i.e., an act committed with the intent to injure another or committed with the belief that an injury is substantially certain to occur." Judgment Entry (Jun. 25, 2024), p. 3.

{¶ 16} Chapter 2744 provides no exception to immunity for the intentional tort of fraud. *See Coventry Courts, LLC v. Cuyahoga Cty.*, 2023-Ohio-1037, ¶ 17 (8th Dist.) (recognizing that political subdivision immunity only applies to tort claims); *Yoby v. Cleveland*, 2020-Ohio-3366, ¶ 85 (finding that the exception in R.C. 2744.02 for negligent acts does not apply to intentional torts such as fraud).

{¶ 17} Accordingly, because Bykova presented no evidence that her claims fall within any of the five exceptions specified in R.C. 2744.02(B), the city is entitled to immunity on her claims. We find that the trial court did not err in granting the city's motion for judgment on the pleadings.[1]

{¶ 18} The assignments of error are overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[1] The record reflects that Bykova has been living in a house with no running water for well over a year. As the trial court so succinctly observed, Cleveland in general — and Bykova's neighborhood in particular — is diminished when its residents live in pre-industrial age conditions, and both sides are worse off by the persistence of this dispute. Judgment Entry (Jun. 25, 2024), p. 4.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

Appendix – Appellant's Assignments of Error

I: THE COURT ACCEPTED FOR CONSIDERATION DEFENDANT'S ANSWER AND MOTION FOR JUDGMENT ON THE PLEADINGS JUST 20 DAYS BEFORE THE TRIAL DATE.

II: THE COURT ACCEPTED DEFENDANT'S ANSWER RELATED TO THE WRONG CASE.

III: THE COURT ACCEPTED DEFENDANT'S ANSWER CONTAINING REDUNDANT AND UNANNOUNCED MOTION TO DISMSS.

IV: THE COURT ACCEPTED DEFENDANT'S MOTION FOR JUDGEMENT ON PLEADINGS ALSO FILED TOO LATE – JUST 20 DAYS BEFORE THE TRIAL DATE.

V: THE COURT ACCEPTED DEFENDANT'S MOTION FOR JUDGMENT ON PLEADING DESPITE THE FACT THAT DEFENDANT FAILED TO PRESENT TO THE COURT ANY VALID PLEADING.

VI: THE COURT REPLACED THE EMPHASIS FROM THE MATTER OF THE CASE TO THE PARTIES' FREELY INTREPRETED OPINIONS.

VII: IN ITS JUDGMENT THE COURT OMITTED THE REASON FOR THE FIRST PART OF PLAINTIFF'S CLAIM.

VIII: IN ITS JUDG[]MENT, THE COURT FAILED TO MENTION THE SECOND CAUSE OF PLAINTIFF'S CLAIM.

IX: THE COURT FAILED TO INVESTIGATE THE ISSUE OF PREMEDIATED PERJURY FROM THE PART OF THE DEFENDANT.

X: THE COURT FAILED TO HOLD EITHER THE SIGNER OR THE INSTIGATOR OF THIS TWICE PERJURIOUS AFFIDAVIT, OR BOTH, IN CONTEMPT OF COURT.

XI: THE COURT FAILED TO ADDRESS DEFENDANT'S DENIAL OF PLAINTIFFS' EQUAL PROTECTION UNDER THE LAW.

XII: THE COURT FAILED TO ADDRESS DEFENDANT'S DENIAL OF PLAINTIFFS' DISABILITY RIGHTS.

XIII: THE COURT FAILED TO ENFORCE PROCEDURAL RULES TO COMPEL DEFENDANT TO PRODUCE REQUESTED RECORDS OF PHONE CALLS AND EMAILS, INCLUDING INTERNAL, PERTAINING TO THE CLAIM[.]