[Cite as *Bykova v. Cleveland*, 2025-Ohio-3285.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IRINA BYKOVA, ET AL.,                          :

    Plaintiffs-Appellants,          :

                            No. 114791

    v.                                          :

CITY OF CLEVELAND,                         :

    Defendant-Appellee.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 11. 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-100065

---

### *Appearances:*

Irina Bykova, *pro se*.

Mark Davis Griffin, City of Cleveland Director of Law,
James R. Russell, Jr., Chief Assistant Director of Law, and
Mike A. Arnold, Assistant Director of Law, *for appellee*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant Irina Bykova ("Bykova") appeals the trial court's decision to grant the City of Cleveland's ("city") motion to dismiss. For the reasons that follow, we affirm.

{¶ 2} In October 2023, Bykova filed a pro se complaint on behalf of herself and two other parties, Leon Bykov ("Leon") and Marina Bykova ("Marina") (Cuyahoga C.P. No. CV-23-986426).[1] Shortly thereafter, she filed a second complaint (Cuyahoga C.P. No. CV-23-988861).[2] The trial court sua sponte dismissed Cuyahoga C.P. No. CV-23-986426 as being duplicative and informed Bykova that, as a pro se litigant, she could not represent Leon and Marina. The city filed a motion for judgment on the pleadings, which the trial court granted.

{¶ 3} On July 2, 2024, Bykova filed a notice of appeal in Cuyahoga C.P. No. CV-23-988861. On appeal, this court noted that Bykova was a pro se litigant and could not represent other parties, therefore, the appeal would proceed only as to Bykova. *Bykova v. Cleveland Div. of Water*, 2025-Ohio-552, ¶ 8 (8th Dist.).

{¶ 4} On July 1, 2024, the day before Bykova filed her notice of appeal in Cuyahoga C.P. No. CV-23-988861, she filed the pro se complaint in the underlying case on behalf of herself, Leon, and Marina. In her complaint, Bykova alleged that the city "recounted our homestead rate back to regular" for the last approximately five years, unfairly terminated her water service, and continued to bill her for services not rendered. She requested an award of money damages.

{¶ 5} The city moved to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing that the claims were barred by the doctrine of res judicata. The city also

---

[1] The record reflects that Leon's last name is spelled "Bykov," not Bykova.

[2] Bykova filed amended complaints in both cases.

argued that the court lacked jurisdiction based on the jurisdictional priority rule and that it was statutorily immune from liability.

{¶ 6} On January 21, 2025, the trial court granted the city's motion to dismiss, finding that the claims in both cases arose from the same facts and circumstances so they were barred by res judicata.

{¶ 7} On February 3, 2025, Bykova filed her notice of appeal in this case.

{¶ 8} On February 20, 2025, this court affirmed the trial court's judgment in Cuyahoga C.P. No. CV-23-988861, finding that the city was entitled to immunity on Bykova's claims. *Bykova*, 2025-Ohio-552, at ¶ 17 (8th Dist.).

{¶ 9} Bykova raises the following assignments of error, which we combine for review.

> I. The court erred in failing to reject defendant's request to apply res judicata [that was] made in bad faith.
>
> II. The court erred in failing to reject defendant's request to apply res judicata made with fraudulent intentions.[3]
>
> III. The court erred in applying res judicata in continuing terms.
>
> IV. The court erred in applying res judicata in future terms.

**Bykova's Pro Se Representation of Other Litigants**

{¶ 10} As an initial matter, we note that, once again, Bykova is attempting to appeal the trial court's judgment on behalf of other litigants. Bykova is not an attorney and has been proceeding pro se. R.C. 4705.01 provides that no "person

---

[3] Bykova alleges that the city's action in arguing that her claims are barred by res judicata was fraudulent, not that the city acted fraudulently on her underlying claims. The distinction is important as it applies to the city's immunity claim.

shall . . . commence . . . any action or proceeding in which the person is not a party . . . unless the person has been admitted to the bar by order of the supreme court[.]" "'Only a licensed attorney may file pleadings on behalf of another party in court.'" *Bykova* at ¶ 8, quoting *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 2019-Ohio-901, ¶ 5. Because, as a pro se litigant, Bykova cannot bring forth claims on Leon's and Marina's behalf, this appeal will only proceed as to Bykova. Bykova is cautioned that should she persist in filing motions or actions in the future purporting to represent other litigants, this court could find her to be a vexatious litigator under Loc.App.R. 23(B).

**Noncompliance With Appellate Rules**

{¶ 11} This court has previously recognized that while a pro se litigant "'may be afforded reasonable latitude, there are limits to a court's leniency.'" *Grace v. GEICO Ins. Corp. Office*, 2024-Ohio-5815, ¶ 8 (8th Dist.), quoting *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). "'Pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.'" *Grace* at *id.*, quoting *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22. Bykova's appellate brief fails to conform with appellate rules. The form of the brief itself does not comply with App.R. 16 in numerous respects. In accordance with App.R. 12(A)(2), this court could disregard her assigned errors and summarily

affirm the trial court's judgment. We will, however, use our discretion to address Bykova's main argument that her claims are not barred by res judicata.[4]

**Civ.R. 12(B)(6)**

{¶ 12} The city filed its motion to dismiss under Civ.R. 12(B)(6). We conduct a de novo review when considering a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 15 (8th Dist.), citing *Caraballo v. Cleveland Metro. School Dist.*, 2013-Ohio-4919 (8th Dist.). Therefore, we independently review the record and afford no deference to the decision of the trial court. *Fried* at *id.*, citing *Caraballo*.

{¶ 13} "For a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief." *Fried* at ¶ 16, citing *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625. "In reviewing a Civ.R. 12(B)(6) motion to dismiss, a court's factual review is confined to the four corners of the complaint." *Fried* at *id.*, citing *Grady v. Lenders Interactive Servs.*, 2004-Ohio-4239 (8th Dist.).

{¶ 14} The city filed its motion to dismiss arguing that Bykova's claims were, in part, barred by res judicata. The city argues that it was clear from the face of Bykova's complaint that her claims were barred by res judicata because Bykova has already received a final decision in Cuyahoga C.P. No. CV-23-988861 and was

---

[4] Any other arguments that may be gleaned from Bykova's brief are summarily overruled.

attempting to bring an action involving the same parties and issues that were, or should have been, raised in that case. According to the city, Bykova's claims in both cases were based on her allegations of inaccuracies relating to billing on her account, along with any eligibility for a reduced rate.

{¶ 15} Res judicata bars a party from relitigating a claim or issue that has already been decided on the merits by a court of competent jurisdiction in a valid, final judgment in a prior proceeding. *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15. It "ensures stability of judicial decisions, deters vexatious litigation, and allows courts to resolve other disputes." *Id.*

{¶ 16} The doctrine of res judicata encompasses both claim preclusion and issue preclusion. *AJZ's Hauling* at ¶ 16; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). Under claim preclusion, "'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" *AJZ's Hauling* at *id.*, quoting *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 22. Thus, a plaintiff must present every ground for relief in the first action or be forever barred from asserting it. *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Issue preclusion, also known as collateral estoppel, prevents parties from relitigating facts and issues in a subsequent action that were fully litigated in a prior action. *AJZ's Hauling* at *id.*

{¶ 17} The Ohio Supreme Court has recognized that res judicata is not a proper basis for dismissal under Civ.R. 12(B)(6). In *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 10 – 11, the Court explained:

> Res judicata is an affirmative defense. Civ.R. 8(C). It is not included on the list of defenses that may be raised in a Civ.R. 12(B) motion to dismiss. For this reason, we have held that res judicata is not a proper basis for dismissal under Civ.R. 12.

> [This is] consistent with the general proposition that courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss.

*See also Pfalzgraf v. Miley*, 2019-Ohio-4920, ¶ 12-14 (7th Dist.) ("Because a Civ.R. 12(B)(6) motion only tests the sufficiency of the complaint itself, by comparing the facts of the present case with the facts of the previous case, the trial court went outside the pleadings. This was in opposition to what a Civ.R. 12(B)(6) motion allows.").

{¶ 18} In this case, the trial court could not conclude that Bykova's claims involved the same issues and parties as the previous case without considering the complaint and other pleadings filed in that case. Although Bykova may very well be estopped from bringing her current claims, because the trial court had to consider evidence outside the four corners of the complaint in the current appeal to determine whether res judicata applied, it erred in granting the city's motion to dismiss on the ground of res judicata.

**Political Subdivision Immunity**

{¶ 19} Next, we consider whether the motion to dismiss was properly granted on an alternative ground – namely, that the city was immune from liability.

{¶ 20} "An appellate court may decide an issue on grounds different from those determined by the trial court if the evidentiary basis on which the court of appeals decides the legal issue was presented to the trial court and made part of the record." *State v. Apanovitch*, 2020-Ohio-4217, ¶ 25 (8th Dist.), citing *State v. Peagler*, 76 Ohio St.3d 496 (1996). In it motion to dismiss, the city argues that it was immune from liability. Therefore, if we find that the trial court could have granted the motion to dismiss based on the city's immunity claim, we may affirm the court's decision.

{¶ 21} The Political Subdivision Tort Liability Act, codified in R.C. Ch. 2744, sets forth a three-tier analysis for determining whether a political subdivision is immune from liability for injury or loss to property. *Bykova*, 2025-Ohio-552, at ¶ 12 (8th Dist.), citing *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. First, a court applies the general rule provided in R.C. 2744.02(A)(1), which states that a political subdivision is "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 22} "'The second tier of the analysis places the burden on the plaintiff to overcome this statutory immunity by showing that one of the five exceptions contained in R.C. 2744.02(B) applies.'" *Bykova* at ¶ 13, quoting *Coventry Courts, LLC v. Cuyahoga Cty.*, 2023-Ohio-1037, ¶ 14. "If any of the exceptions enumerated in R.C. 2744.02(B) applies, the court proceeds to the third tier of the analysis and

determines whether any of the defenses enumerated in R.C. 2744.03 applies to provide the political subdivision a defense against liability." *Bykova* at *id.*, citing *Coventry Courts, LLC* at *id.* If none of the five exceptions under R.C. 2744.02(B) applies, the immunity analysis ends without proceeding to the third tier. *Bykova* at *id.*, citing *Coventry Courts, LLC* at *id.*, citing *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2008-Ohio-2567.

{¶ 23} In her complaint, Bykova alleges that the city "recounted our homestead rate back to normal" contrary to her eligibility status for a reduced rates, improperly terminated her service, and continued to unfairly bill her even though she had not received water service since September 2023.

{¶ 24} In *Bykova*, this court found that the city was immune from liability because Bykova had alleged the city committed an intentional tort and Chapter 2744 provides no exception to immunity for the intentional tort of fraud. *Id.* at ¶ 15-16. In this case, Bykova does not allege a clear cause of action. While R.C. 2744.02(B)(2) provides an exception to immunity where a loss was caused "by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions," during oral argument, Bykova insisted that she was not setting forth a claim of negligence; rather, she was only bringing a claim for money damages.[5] She also did not allege any of the other exceptions in R.C. 2744.02(B) apply to this case.

---

[5] A "proprietary function" includes "[t]he establishment, maintenance, and operation of a utility, including . . . a municipal corporation water supply system." R.C. 2744.01(G)(2)(c).

{¶ 25} Therefore, because Bykova has failed to allege, let alone show that one of the five exceptions contained in R.C. 2744.02(B) applies, we find that the trial court properly granted the motion to dismiss on the alternative ground of immunity.

{¶ 26} Although the trial court erred in granting the city's Civ.R. 12(B)(6) motion to dismiss on the ground of res judicata, the city's motion to dismiss was properly granted based on the alternative ground of immunity. Therefore, Bykova's assignments of error are overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR