[Cite as *Pizzuli v. Yurko*, 2026-Ohio-263.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| LINDA E. PIZZULI, | : | |
| Plaintiff-Appellant, | : | No. 115206 |
| v. | : | |
| JESSICA M. YURKO, ET AL., | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 29, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-999130

***Appearances:***

Grubb and Associates, LPA, Natalie F. Grubb, and Mark E. Owens, *for appellant.*

Gallagher Sharp, LLP, Thomas J. Cabral, and Jennifer L. Gardner, *for appellees* City of Avon and Antonio W. Petrosky.

ANITA LASTER MAYS, J.:

**{¶1}** Plaintiff-appellant Linda Pizzuli ("Pizzuli") appeals the trial court's decision granting the motion to dismiss filed by defendants-appellees City of Avon

and Officer Antonio Petrosky, individually ("Ofc. Petrosky") and jointly ("the appellees"). We affirm the trial court's decision.

## I.     Facts and Procedural History

{¶2} On July 3, 2022, Ofc. Petrosky, a police officer with the City of Avon, found Jessica Yurko ("Yurko") slumped over the steering wheel of her vehicle while parked in a stranger's driveway. Ofc. Petrosky's encounter with Yurko was recorded on a body camera he was wearing. The car was still running, and Ofc. Petrosky observed open containers of alcohol in the vehicle and on the dashboard. He could also smell alcohol. Ofc. Petrosky attempted to ask Yurko questions, but she was unresponsive and refused to give her name or provide her driver's license. He had also called emergency response services to the scene. When Ofc. Petrosky stepped away from Yurko's vehicle, Yurko suddenly drove away, which led to a high-speed chase in the neighboring City of Westlake. Ofc. Petrosky ended the chase when Yurko entered Westlake and notified the Westlake police. The chase continued with Westlake police in pursuit and ended when Yurko slammed into the back of Pizzuli's vehicle, which resulted in Pizzuli suffering severe injuries.

{¶3} Yurko was arrested and charged with aggravated vehicular assault, a third-degree felony; aggravated vehicular assault, a fourth-degree felony; two counts of failure to comply, third-degree felonies; and three counts of driving while under the influence, fourth-degree felonies. As a result of a plea agreement with the State, Yurko pleaded guilty to one count of aggravated vehicular assault; one count of

vehicular assault; one count of failure to comply; and one count of driving while under the influence. The trial court sentenced Yurko to one year of imprisonment.

{¶4} On June 18, 2024, Pizzuli filed a complaint against Yurko, State Farm Mutual Automobile Insurance Company ("State Farm"), Jason Caples Insurance and Financial Services, Inc. ("Caples"), Officer Ryan M. Jasinsky ("Ofc. Jasinsky"), Officer Michael D. Thompson ("Ofc. Thompson"), and the City of Westlake ("Westlake"). In December 2024, Pizzuli received discovery from Westlake that included the body-camera footage of Ofc. Petrosky's encounter with Yurko. Pizzuli had not previously requested discovery from Avon or filed a public-records request for the body-camera footage.

{¶5} On January 20, 2025, Pizzuli filed a motion for leave to file an amended complaint. On February 21, 2025, the trial court granted Pizzuli's motion, and on February 26, 2025, Pizzuli filed an amended complaint adding the City of Avon and Ofc. Petrosky to the complaint.

{¶6} On March 31, 2025, the appellees filed a motion to dismiss, requesting that the trial court dismiss Pizzuli's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The appellees argued that Pizzuli's claims were beyond the two-year statute of limitations outlined in R.C. 2744.04, and that they are entitled to political-subdivision immunity. Additionally, the appellees contended that Pizzuli's claims that they engaged in wanton and reckless conduct had no merit.

{¶7} In Pizzuli's brief in opposition to the appellees' motion to dismiss, she argued that her claims were not barred by the two-year statute of limitations because the appellees' liability was only discovered in December 2024 when she received discovery materials from Westlake. Pizzuli also argued that the appellees were not entitled to political-subdivision immunity because the facts demonstrate wanton and reckless conduct by the appellees.

{¶8} On June 4, 2025, the trial court granted the appellees' motion to dismiss, stating in part: "For the reasons set forth therein, defendant City of Avon and Antonio Petrosky's motion to dismiss, filed on March 31, 2025, is granted." Journal Entry No. 196934933 (June 4, 2025).

{¶9} Pizzuli filed this appeal, assigning three errors for our review:

1. The trial court erred as a matter of law in finding that appellant's claims are barred by the applicable statute of limitations;

2. The trial court erred as a matter of law in finding that appellant did not plead facts supporting an exception to statutory immunity; and

3. The trial court erred as a matter of law by failing to follow the motion to dismiss standard under Civ.R. 12(B) and controlling Ohio law.

## II.  Motion to Dismiss – Statute of Limitations

### A.  Standard of Review

{¶10} The trial court granted the appellees' motion to dismiss under Civ.R. 12(B)(6). "We conduct a de novo review when considering a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be

granted." (Cleaned up.) *Bykova v. Cleveland*, 2025-Ohio-3285, ¶ 12 (8th Dist.),

citing *Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 15 (8th Dist.).

"Therefore, we independently review the record and afford no deference to the

decision of the trial court." *Id.*, citing *id.*

## B. Law and Analysis

{¶11} In Pizzuli's assignments of error, she argues that her claims are not

barred by the statute of limitations, she pleaded facts that support an exception to

the appellees' claims of statutory immunity, and the trial court erred by failing to

follow the motion to dismiss standard under Civ.R. 12(B). The appellees, however,

contend that they have immunity, Pizzuli's claims are barred by the two-year statute

of limitations, and Pizzuli failed to prove a set of facts warranting the requested

relief. For ease of review, we will initially examine whether the claims are barred by

the statute of limitations.

{¶12} The statute of limitations is contained within R.C. 2744.04(A) for

claims brought against political subdivisions. R.C. 2744.04(A) provides the

following:

> An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code. The period of limitation contained in this division shall be tolled pursuant to section 2305.16 of the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state.

{¶13} The appellees argue that because Pizzuli filed her amended claim on February 26, 2025, more than two years after the offense that took place on July 3, 2022, her claims were barred by the statute of limitations. Pizzuli contends that discovery of Ofc. Petrosky's involvement in the case was not known to her until December 20, 2024, when Ofc. Petrosky's body-camera footage was provided through discovery from the City of Westlake.

{¶14} Pizzuli further contends that the trial court erred when it did not apply the discovery rule in granting the appellees' motion to dismiss. "'The discovery rule provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the conduct of the defendant.'" *Cohen v. Bedford Hts.*, 2015-Ohio-1308, ¶ 11 (8th Dist.), quoting *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 2011-Ohio-1961, ¶ 14, citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). "'The rule entails a two-pronged test — i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant.'" *Id.*, quoting *id.*, citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983). "A statute of limitations does not begin to run until both prongs have been satisfied." *Id.*, citing *id.*

{¶15} In response, the appellees argue that Pizzuli knew that Yurko's high-speed car chase started in Avon, after she was pulled over by police officers, and having such knowledge should have induced Pizzuli to either request discovery or file a public records request for Ofc. Petrosky's body-camera footage.

Application of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law. *Wells v. C. J. Mahan Constr. Co.*, 2006-Ohio-1831, ¶ 25 (10th Dist.), citing *Cyrus v. Henes*, 89 Ohio App.3d 172, 175 (9th Dist.1993), rev'd on other grounds, 1994-Ohio-185. A court may dismiss a complaint as untimely under Civ.R. 12(B)(6) only when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred. *Maitland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 11; *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982).

*Naiman Family Partners, L.P. v. Saylor*, 2020-Ohio-4987, ¶ 11 (8th Dist.), quoting *Schmitz v. NCAA*, 2018-Ohio-4391, ¶ 11.

**{¶16}** The appellees' argument is well-taken. Pizzuli did not have to be aware of the full extent Ofc. Petrosky's involvement in order to trigger the running of the statute of limitations. *Pazdernik v. Wells*, 2019-Ohio-5345, ¶ 12 (8th Dist.), citing *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58 (1989). "Rather, some 'noteworthy,' 'cognizable' event, which would have alerted a 'reasonable person' that a wrong took place needed to occur." *Id.,* citing *id.* Pizzuli was aware that Avon Police stopped Yurko and Yurko was intoxicated and unresponsive. That information alone was enough to alert Pizzuli to request either the police report or the police body-camera footage from the City of Avon.

**{¶17}** As such, Pizzuli's claims are time-barred by the statute of limitations, thus rendering the second assignment of error moot. "An issue is moot if it is 'no longer live or the parties lack a legally cognizable interest in the outcome.'" *Mauldin*

*v. Youngstown Water*, 2019-Ohio-5065, ¶ 24 (7th Dist.), quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10.

**{¶18}** In regards to the third assignment of error, Pizzuli argues that the trial court erred as a matter of law by failing to follow the motion to dismiss standard under Civ.R. 12(B). "While the affirmative defense of statute of limitations is generally not appropriate to raise in a Civ.R. 12(B)(6) motion to dismiss, a court may dismiss a complaint under the rule where the complaint itself conclusively establishes that the action is time-barred." (Cleaned up.) *Jackson v. PNC Bank, N.A.*, 2017-Ohio-9180, ¶ 13 (8th Dist.), citing *Sheldon v. Burke*, 2016-Ohio-941, ¶ 7 (8th Dist.) With the resolution that the action is time-barred, we find that the trial court did not err when it granted appellees' motion to dismiss.

**{¶19}** Therefore, Pizzuli's assignments of error are overruled.

**{¶20}** Judgment affirmed.

It is ordered that the appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
DEENA R. CALABRESE, J., CONCUR